In the Matter of the Probate of the **Will of Antoni Nowak,** Deceased.

Surrogate's Court, Erie County, December 29, 1944.

*Peter A. Schultz* and *Leonard Lipowicz* for proponent.

*Selby Smith,* special guardian for unknown distributees, objectants.

*Jacob Jacobson* for Walter Dlugosz and others, objectants.

*Alger Williams* for James Dugos and others, objectants.

VANDERMEULEN, S. In this matter all questions were answered by direction of the Surrogate except that of mental capacity, which was left for the consideration of the jury. They answered the question to the contrary. The usual motion was made to set aside the verdict, decision reserved and the request of the attorneys to file briefs was granted.

There is an unusual situation in this matter. The petition for probate sets forth the heirs at law, next of kin and distributees as brothers and sisters of the decedent, all of whom — if living — are residing in Poland. It is not known whether or not all or any of these parties are alive. There is a grave possibility, because of the conditions as they have existed since the attack on Poland in 1939, that all may have perished.

Sometime after the filing of the petition for probate, a number of parties claiming to be cousins of the decedent appeared and filed objections. In their papers these parties swore that they were cousins of the deceased. Should it develop that there are no brothers and sisters of the deceased, or descendants of them, they might be the closest in relation to the deceased. The proponent of the will contends that the burden was on the cousins to show that they are the next of kin and possible distributees of the testator and that they presented nothing but assertions. Nor did the proponent offer to produce anything to prove that they are not cousins.

The proponent further claims that there is a possibility that the brothers and sisters and their descendants are alive. I am fully aware that there is a presumption that they are living and nothing has been shown that they are dead. But the court feels justified to some extent in considering the tragedy of the

Polish people in Europe and the reasonable inference that all could have died through mass murders or through starvation. Most unusual conditions exist in the world today, which the courts must take cognizance of and apply a rule of common sense thereto. This question, however, can be decided in a judicial settlement proceeding and this court fails to see where any harm has been done the proponent by letting the cousins, under their claim of relationship, participate in the trial.

The main issue was the validity of the will. The most that can be said against the contesting cousins is that their participation in the trial may have brought more facts to the attention of the court and jury than otherwise would have been presented, but this is speculative. Who knows but what the special guardian left alone in the trial could have developed just as much? Furthermore, the courts are always desirous in the trial of cases to receive all the evidence that can be produced, regardless of the source, so long as it is competent.

It might further be argued on behalf of the proponent that by the cousins being in the picture a greater array of counsel opposed the attorney for the proponent and placed him at a disadvantage. But that is beside the point. There are numerous instances in the courts where a plaintiff finds himself at the beginning of a trial and even down to the conclusion of the evidence faced with a number of lawyers, some of whom have been forced out by the granting of a nonsuit after they have materially aided the defense of the only surviving defendant.

This court, as stated before, is concerned with one main proposition, namely the validity of the will, which is dependent upon the execution in conformity with the statute, mental capacity and freedom from undue influence.

In the judgment of this court it was much better to let all parties have their day in court and have the issue of the validity of the will decided once and for all in one contest. Supposing the alleged cousins were not let in this trial and the jury found for the proponent; what would be the result if it developed later that the direct descendants were all dead and these cousins proved to be the distributees in the event of intestacy? Would the prior adjudication bar these cousins from challenging the validity of the will? I think not. Now they have had their chance to test the validity of the will and there is no veil of uncertainty over the issues. The judgment, and whatever judicial action on an appeal should one be taken, are binding upon them. Both the proponent and all the contestants have had the opportunity to try out the issues at a most opportune

time, when the facts are fresh, the witnesses alive and available. ' Many things could happen over a period of years until the final discovery of the rightful distributees that might not produce the correct legal result.

The jury found the testator lacking in mental capacity to make a will. The evidence was conflicting and different inferences might fairly be drawn. This court feels it is not justified in setting aside the verdict of the jury.

The motion is therefore denied and decree denying probate may be entered.